ELLA VAN BUSKIRK, EXECUTRIX OF THE ESTATE OF GEORGE E. VAN BUSKIRK, DECEASED, AND OWEN F. TRAVERS, PLAINTIFFS, v. WILLIAM H. BARKHORN COMPANY AND ALBERT YAECK, DEFENDANTS.

Argued October 7, 1925—Decided April 29, 1926.

**Negligence—Motor Vehicle Injury—Evidence of Negligence Sufficient to Require Submission to Jury, and Its Findings Not Against Its Weight.**

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *William E. Holmwood.*

*Contra, Palmer & Cooper.*

PER CURIAM.

The defendant William H. Barkhorn Company, through its servant, the defendant Albert Yaeck, was, on April 1st, 1922, operating a motor truck on Little street between DeWitt and Union avenues, in Belleville, and in the operation of such truck George E. Van Buskirk and Owen F. Travers were injured, the injuries to the former resulting in death.

Upon a trial of an action for damages, the plaintiff Ella Van Buskirk, executrix of the estate of George E. Van Buskirk, deceased, obtained a verdict of $22,000, and the plaintiff Owen F. Travers a verdict of $500.

The defendants have a rule to show cause why such verdict should not be set aside.

As to both verdicts it is urged that they should be set aside because there was no proof of negligence on the part of the defendants, and the trial court should have directed a verdict in favor of the defendants as requested, and that if there was any evidence of negligence the weight thereof is not sufficient to support the findings of the jury.

Our examination of the proofs leads us to the conclusion that there was evidence of negligence requiring the submission of that question to the jury, and that the jury's finding thereon is not against the weight of such evidence.

It is further urged that the verdict in favor of Ella Van Buskirk, executrix, is excessive.

We do not find this to be so.

The rule to show cause is therefore discharged.